IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRANDON CUMMINGS, )<br>                                                             )<br>          Plaintiff,                                 )<br>                                                             )<br>     v.                                                    )<br>                                                             )<br>                                                             )<br>CG REPOSKY, *et al.*,                        )<br>                                                             )<br>          Defendants.                            ) | Civil Action No. 09-70<br>Judge Conti<br>Magistrate Judge Bissoon |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants (Doc. 26) be granted.

### II. REPORT

William Brandon Cummings is a state prisoner currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania. Cummings alleges that Defendant Reposky "harassed" him on September 22, 2007, by calling him names. Plaintiff alleges that he was, thereafter, assaulted by Defendants Reposky, Richter and Kutcher who are said to have "groped" Plaintiff's buttock, bent him over a table, and injected him with a needle (Doc. 4). Plaintiff alleges that the assault is a violation of both the Eighth Amendment (actionable pursuant to 42 U.S.C. § 1983) and state law. Plaintiff alleges that Defendant Reposky refused to provide him with a grievance form following the incident (Id.).

Plaintiff later amended his Complaint (Doc. 14) adding as Defendants Attorney General Corbett, Governor Rendell and Secretary Beard of the Pennsylvania Department of Corrections.

Plaintiff alleges that he wrote each of these Defendants to complain about the harassment, assault and denial of grievance forms, but that none of them responded to his complaints (Id.).

Defendants have filed a Partial Motion to Dismiss (Doc. 26) seeking to dismiss all claims other than the Eighth Amendment claim of an assault by Defendants Reposky, Richter and Kutcher. Plaintiff has responded (Docs. 32 and 33).

### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis.

#### 1. Denial of grievance forms.

Plaintiff has no due process right to file a grievance, nor does the creation of such a procedure by the state create any federal constitutional rights. Wilson v. Horn, 971 F.Supp,. 943, 947 (E.D.Pa. 1997). Therefore, Plaintiff cannot state a claim premised upon the alleged denial of a grievance form.

**2.     Verbal harassment.**

Defendants also seek to dismiss any claim Plaintiff is making for verbal harassment. Indeed, allegations of verbal abuse do not state an Eighth Amendment claim. McCullough v. Miller, 2008 WL 4361254 at *8 (W.D.Pa. Sept. 24, 2008) (Lancaster, J.) (collecting cases).

**3.     Supervisory Defendants.**

Defendants Corbett, Rendell and Beard move to dismiss the claims against them on the basis that Plaintiff has failed to allege facts sufficient to establish supervisory liability. Supervisory liability may not be premised solely upon a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995).

Plaintiff alleges that he wrote to Defendants Corbett, Rendell and Beard, but that they took no action. This is insufficient to impose supervisory liability, indeed, even actual participation in a formal administrative review process is an insufficient basis for Section 1983 liability. Jefferson v. Wolfe, 2006 WL 1947721 at *17 (W. D. Pa. July 11, 2006) (McLaughlin, J.) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. Sept. 5, 1997) (concurrence in an administrative appeal process is insufficient to establish personal involvement). Plaintiff cannot create liability for the actions of prison personnel merely by writing letters of complaint to government officials.

### 4. State law tort claims.

Defendants also seek to dismiss any state law tort claims in this case on the basis that Pennsylvania provides immunity from suit for officials and employees acting within the scope of their employment. 42 Pa.C.S.A. §§ 8501, 8522. Section 8522 provides a broad grant of immunity from suit for all Commonwealth employees, and it is Plaintiff's burden to establish that one of the specific exceptions set forth in Section 8522(b) applies to his claim. Pennsylvania Turnpike Commission v. Nationwide Trucking Services, Inc., 319 F. Supp.2d 569, 579 (W. D. Pa. 2004) (internal citation omitted). These exceptions are limited in scope, and are to be strictly construed. White by Pearsall v. School Dist. of Phila., 553 Pa. 214, 718 A.2d 778, 779 (1998). The Court has reviewed the exceptions, and can find none that are arguably applicable to the claims made by the Plaintiff. Therefore, any state law claims made by Plaintiff should be dismissed.

### 5. Official capacity claims

Finally, Plaintiff asserts claims against all Defendants in their individual and official capacities. Defendants assert that claims against them in their "official capacities" are the functional equivalent of claims against the Commonwealth of Pennsylvania and, hence, are barred. Indeed, a lawsuit against the Commonwealth of Pennsylvania would be barred by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 340-341 (1979). When individual Commonwealth employees are sued in their official capacity, the action is considered to be against the Commonwealth itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). The immunities available to Defendants sued in their official capacities are the same as those possessed by the Commonwealth and, accordingly, Plaintiff's "official capacity" Section 1983 claims are barred. Id., at 167.

### III.  **CONCLUSION**

It is respectfully recommended that Defendants' Partial Motion to Dismiss (Doc. 26) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 2, 2009.


Dated: November 18, 2009                                s/Cathy Bissoon
                                                        CATHY BISSOON
                                                        UNITED STATE MAGISTRATE JUDGE


**cc:**
WILLIAM BRANDON CUMMINGS
GX-8328
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510