**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM BRANDON CUMMINGS,    )
    )
        Plaintiff,    )
    )
      v.    )    Civil Action No. 09-70
    )    Judge Conti
    )    Magistrate Judge Bissoon
G. K. REPOSKY, *et al*.,    )
    )
        Defendants.    )

## ORDER

William Brandon Cummings ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Graterford, Pennsylvania ("SCI-Graterford"). The instant lawsuit, brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, commenced with the receipt of Plaintiff's initial complaint on January 20, 2009.[1] (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on February 2, 2009. (Doc. 3). Plaintiff filed supplemental complaints on April 9, 2009, and April 17, 2009. (Docs. 10, 14-15). A partial motion to dismiss was filed on July 7, 2009 (Doc. 25), and granted over Plaintiff's objections on December 18, 2009. See Report (Doc. 37); see also Order Adopting Report (Doc. 39). Plaintiff's remaining claim concerns an alleged violation of Plaintiff's rights under the Eighth Amendment committed by Defendants Reposky, Kutcher, and Richter ("Defendants") on September 22, 2007, at the State Correctional Institution at Fayette ("SCI-Fayette"). See Compl. (Doc. 4) at 1; see also (Doc. 37) at 2.

---

[1] Plaintiff's complaint also, arguably, alleged violations of State tort laws. Those claims were dismissed. See Report (Doc. 37) at 4; see also Order Adopting Report (Doc. 39).

Before this Court is Plaintiff's Motion for Appointment of Co-Counsel, to have a copy of the Witnesses Personnel File for the Defendant, and to Contact Plaintiff's witnesses [*sic*], (Doc. 54), in which Plaintiff moves this Court 1) to appoint counsel; 2) to compel the production of Defendants' personnel files; 3) to allow communication with unnamed inmate witnesses to the events giving rise to his claim; and 4) to compel Defendants to provide information regarding the location of these unnamed inmate witnesses. Defendants have responded to this motion, and have expressed opposition only insofar as Plaintiff seeks to compel the production of their personnel files. (Doc. 55) at 1. Plaintiff's requests will be addressed *seriatim*.

1. Appointment of Counsel

This motion is Plaintiff's third request for counsel in this case. See (Docs. 45 and 50). In his instant motion, Plaintiff asserts that his inexperience with litigation and SCI-Graterford's physical distance from the United States Courthouse in Pittsburgh, as well as the likelihood that his trial will turn on credibility determinations, weigh in support of his motion. (Doc. 54) ¶ 1. Plaintiff also states, without elaboration, that his incarceration makes it impossible to conduct an adequate investigation. Id.

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The court in Tabron acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id. at 157 n.7. That court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." Id. at 156. The Court of Appeals likewise

addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id. at 157.

The Court of Appeals also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id. at 155-56. These factors include: (1) a plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

In the instant case, Plaintiff's claim is not complex. A review of the complaint, along with the supplements thereto, in light of the factors announced in Tabron reveals the following.

(1)     The particular legal issues are not difficult, and there is no indication that Plaintiff is incapable of presenting and arguing the merits of his claim.

(2)     The necessary factual investigation could be pursued adequately by Plaintiff. The record shows that Plaintiff made no indication to this Court during the pendency of discovery that he encountered difficulties with said investigation. To the contrary, Plaintiff has explicitly stated that he possesses evidence to support his claim. See Pl.'s Pretrial Statement (Doc. 44) at 1; see also Pl.'s Objections (Doc. 38) at 2.

(3)     Plaintiff appears to have no particular problem pursuing his claim.

(4)     Plaintiff's claim does not appear to require extensive or complicated discovery, and he indicated no problems obtaining discovery prior to the filing of the instant motion. Additionally, as stated above, Plaintiff has explicitly indicated that he possesses

evidence to support his claim.  <u>See</u> (Doc. 44) at 1; <u>see</u> <u>also</u> (Doc. 38) at 2.

(5)     Plaintiff's case will likely turn on credibility determinations.

(6)     There is no indication that expert testimony will be necessary in this case.

Only one above-mentioned factor weighs in favor of appointing counsel.  Accordingly, Plaintiff's motion, to the extent that it seeks the appointment of counsel, will be denied.


2.  <u>Production of Documents</u>

Defendants oppose Plaintiff's motion, to the extent that it seeks this Court to compel the production of Defendants' personnel files, as, *inter alia*, untimely.  (Doc. 55) at 2.  Indeed, discovery closed on March 11, 2010.  <u>See</u> Case Management Order of January 12, 2010 (Doc. 40) at 1.  Plaintiff did not place the current motion into the prison mail system until October 6, 2010, at the earliest – nearly seven months after the close of discovery.  (Doc 54).  Furthermore, Plaintiff does not move this Court to reopen discovery, and does not provide any reasons why discovery should be reopened, and does not provide any explanation for the untimeliness of his motion.  Consequently, to the extent that Plaintiff seeks this Court to compel discovery from Defendants, this motion will be denied.


3.  <u>Correspondence with Inmate Witnesses</u>

Defendants do not offer opposition to Plaintiff's motion, to the extent that Plaintiff seeks to be allowed to communicate with inmates who are potential witnesses to the occurrences underlying his claims.  (Doc. 55) at 2.  This Court recognizes that Plaintiff has a legitimate interest in communicating with potential witnesses in this case.  However, Plaintiff's motion

does not indicate with whom he would correspond.[2]  There is a well-established policy of noninterference by the courts in the day-to-day operations of prisons, especially when those operations relate to institutional security.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974); see also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979).  As such, this Court simply will not issue an order granting Plaintiff *carte blanche* to communicate with an unknown number of unnamed inmates.  Consequently, this request will be denied without prejudice to Plaintiff filing a motion that explicitly names the inmate witnesses with whom he seeks to correspond.[3]

4.  Location of Inmate Witnesses

In light of this Court's ruling in Part 3 of this order, *supra*, Plaintiff's motion, to the extent that it seeks to compel Defendants to provide him with the location of various unnamed inmate witnesses, is moot.

AND NOW, this 6th day of January, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion (Doc. 54), to the extent that it seeks appointment of counsel, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 54), to the extent that it seeks this Court to compel disclosure of Defendants' personnel files, is DENIED.

---

[2] This Court notes that Plaintiff names several potential witnesses in his pretrial statement.  See (Doc. 44) at 1.  However, there is no indication in the motion currently before this Court that Plaintiff intends to limit his correspondence to these individuals, or that he intends to correspond with them at all.

[3] If such a motion were to be granted, Plaintiff's correspondence with other inmates would be subject to the supervision of the Department of Corrections, pursuant to its established security procedures.  See Order Victor v. Lawler, No. 08-1374 (Doc. 91) at 3-4 (M.D.Pa. filed July 21, 2008).  Additionally, this Court refers Plaintiff to DC-ADM 803 § 1 ¶ 4, which addresses the issue of correspondence between inmates.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 54), to the extent that it seeks to allow communication with inmate witnesses, is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 54), to the extent that it seeks information regarding the whereabouts of the above-mentioned unnamed inmates, is DENIED AS MOOT.

IT IS FURTHER ORDERED that the parties are allowed until January 20, 2011, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.


s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE


**cc:**
**WILLIAM BRANDON CUMMINGS**
GX-8328
SCI Graterford
Box 244
Graterford, PA 19426-0244