IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM BRANDON CUMMINGS** , | ) | CIVIL ACTION NO.  **09-70** |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | MAGISTRATE JUDGE MAUREEN |
| v. | ) | KELLY |
| | ) | |
| **G.K.REPOSKY, et al.**, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM OPINION

Pending before the court is a pro se motion for relief from judgment (ECF No. 90) filed by plaintiff William Cummings ("Cummings").  On December 20, 2023, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 94), which recommended that Cummings' motion be denied.

The R&R provided that any objections be filed within 14 days.  No party filed objections by that date.  On January 29, 2024, Cummings filed objections (ECF No. 95).  In his objections, Cummings represented that he had "just received the R&R today."  (ECF No. 95 at 1).  The court will assume, without deciding, that Cummings' objections are timely and will apply a de novo standard of review to the magistrate judge's R&R.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense

of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

In this case, the magistrate judge correctly summarized the procedural history of this case. In particular, judgment was entered after a jury trial in favor of defendants and against Cummings. The judgment was entered on January 13, 2012 – over 12 years ago. Cummings motion for relief was filed on September 15, 2023 – over 11 years after judgment was entered.

In his motion, Cummings cites newly-acquired information. Namely, he alleges that in July 2023, defendant Thomas Richter told him: "we ruined your suit, Cummings. Couldn't find your witnesses, could you? The list was doctored we gave you." (ECF No. 90 at 1).[1] Cummings seeks a new trial.

The magistrate judge correctly explained that requests for a new trial are governed by Federal Rules of Civil Procedure 59 and 60. Cummings' request, filed over a decade after his trial, comes far too late. In particular, Rule 60(b) provides, in relevant part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reasons that justifies relief.

Fed. R. Civ. P. 60(b). Cummings' request, construed liberally, relates to either newly discovered

---

[1] Notably, the witnesses were listed in Cummings' pretrial statement filed with the court (ECF No. 94 at 3).

evidence (Rule 60(b)(2)), or perhaps fraud or misconduct by an opposing party (Rule 60(b)(3)). In either event, Rule 60(c) mandates that a motion for relief must be brought within 1 year. *See* Rule 60(c) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Federal Rule of Civil Procedure 60(b)(6) provides a catch-all provision. Motions under Rule 60(b) are rare and "should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). The movant under rule 60(b) must show more than "the potential significance of the new evidence." *Id.* Instead, the movant has the burden to show that the alleged circumstance warranting relief is material to the outcome of the proceedings. *Lampon-Paz v. United States*, No. CV2200239, 2023 WL 2946125, at *3 (D.N.J. Apr. 14, 2023) (citing *Chinniah v. East Pennsboro*, 639 F. App'x 89, 92 (3d Cir. 2015)). In this case, Cummings did not identify what the missing witnesses would have testified about; or how that testimony would have been material to the outcome of the proceeding.

<u>Conclusion</u>

In sum, the magistrate judge correctly concluded that Cummings' motion must be denied as having been untimely filed and failing to demonstrate extraordinary circumstances warranting relief. The magistrate judge's R&R will be adopted as the opinion of the court, as supplemented in this opinion. An appropriate order follows.

Dated: March 1, 2024

BY THE COURT

*/s/ Joy Flowers Conti*
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE