IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM BRANDON CUMMINGS**, | ) | CIVIL ACTION NO.  **09-70** |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | MAGISTRATE JUDGE MAUREEN |
| | ) | KELLY |
| | ) | |
| v. | ) | |
| | ) | |
| **G.K.REPOSKY, et al.**, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION**

Pending before the court is a pro se motion for reconsideration (ECF No. 98) filed by plaintiff William Cummings ("Cummings").  On December 20, 2023, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 94), which recommended that Cummings' Rule 60 motion be denied as untimely filed.

The R&R provided that any objections be filed within 14 days.  No party filed objections by that date.  On January 29, 2024, Cummings filed objections (ECF No. 95).  In his objections, Cummings represented that he had "just received the R&R today."  (ECF No. 95 at 1).  The court assumed that Cummings' objections were timely and applied a de novo standard of review to the magistrate judge's R&R.  Upon review, the court denied Cummings' objections and agreed with the magistrate judge that Cummings' Rule 60 motion was untimely filed.

In part, the court explained that Federal Rule of Civil Procedure 60(b)(6) provides a catch-all provision. Motions under Rule 60(b) are rare and "should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).  The

movant must demonstrate that without relief, "an extreme and unexpected hardship would occur." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). The movant under Rule 60(b) must show more than "the potential significance of the new evidence." *Id.* Instead, the movant has the burden to show that the alleged circumstance warranting relief is material to the outcome of the proceedings. *Lampon-Paz v. United States*, No. CV2200239, 2023 WL 2946125, at *3 (D.N.J. Apr. 14, 2023) (citing *Chinniah v. East Pennsboro*, 639 F. App'x 89, 92 (3d Cir. 2015)). The court observed in its opinion that "Cummings did not identify what the missing witnesses would have testified about; or how that testimony would have been material to the outcome of the proceeding." (ECF No. 96 at 3).

In his motion for reconsideration, Cummings submits that the missing witnesses would have verified that the nurse stuck him with a needle "without my consent or knowledge of him to experiment on me" (ECF No. 98 at 1). Cummings argues that this impeachment testimony is material because the Defendants testified that Cummings consented to the needle stick and the jury may have believed him and his witnesses rather than Defendants (ECF No. 98).[1]

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (citation omitted). In *Walsh*, the court explained that an "allegation that [a witness] lied at her deposition may be considered in determining whether the summary judgment should be reopened under Rule 60(b)(6), but neither [the movant's] personal belief that [the witness'] testimony was false nor the police report he believes corroborates his

---

[1] The proposed new evidence is not conclusive. Even if a jury heard the new witnesses, the jury may continue to believe Defendants' testimony.

allegation establishes that extraordinary circumstances warrant reopening the judgment." *Id.*

Although Rule 60(b)(6) motions are not subject to the strict 1-year limitations period like motions under Rule 60(b)(1), (2) and (3), relief "can be afforded under this rule [only] if it is sought within a reasonable time." *Greenblatt v. Orenberg*, No. CIV.A.03-2240JCL, 2007 WL 928482, at *2 (D.N.J. Mar. 27, 2007) (citation omitted). The framers of Rule 60(b) placed a high value on the societal interest in the finality of litigation. *Id.*

The underlying incident in this case occurred in September 2007 (Complaint, ECF No. 1). At the original trial, the jury was asked to determine whether Defendants used excessive force (ECF No. 84). Cummings testified and called all three Defendants (George Reposky, Thomas Richter and nurse David Kutcher) as witnesses in his case in chief (ECF No. 85) during the trial. Even if the missing witnesses were able to testify, they (and the witnesses who testified at the original trial) would simply recount their observations about what happened in 2007 (to the extent they can recall those events). Cummings, in essence, asks for a new jury to reevaluate the credibility of certain witnesses – almost 17 years after the fact. That is not the kind of "rare" or "extraordinary" circumstance that would justify granting a Rule 60(b)(6) motion. *See Davidson v. Dixon*, 386 F. Supp. 482, 493 (D. Del. 1974), aff'd, 529 F.2d 511 (3d Cir. 1975) ("Almost every losing litigant can point to some corroborating witness he might have called"). Although the court is troubled by the allegations that Defendants took steps to interfere with Cummings' ability to call witnesses, the court in the exercise of its discretion concludes that, under the circumstances of this case and the significant passage of time, the principles of finality outweigh the interests of having a new trial at which those witnesses would have an opportunity to testify.

Conclusion

      In sum, the motion for reconsideration (ECF No. 98) will be denied. An appropriate order follows.

Dated: July 10, 2024                        BY THE COURT

                                          ***/s/ Joy Flowers Conti***
                                          JOY FLOWERS CONTI
                                          SENIOR UNITED STATES DISTRICT JUDGE